EDGE v RAMOS

Docket No. 88682. Submitted November 20, 1986, at Detroit. Decided March 27, 1987. Leave to appeal denied, 428 Mich 905.

On July 29, 1983, Theodore Edge brought an action in the Wayne Circuit Court against Guadalupe C. Ramos, and others, alleging assault and battery, failure to maintain a safe premises, violation of the dramshop act and violation of 1980 AACS, R 436.1005. On February 13, 1985, upon the parties' stipulation, the trial court, Maureen P. Reilly, J., ordered that plaintiff submit to an independent medical examination to be conducted on March 27, 1985. Plaintiff failed to appear on that date or on June 24, 1985, the date of the rescheduled examination. Defendants filed a motion for dismissal. The motion was denied and the trial court entered an order that plaintiff must submit to the examination by September 29, 1985, or he would not be permitted to introduce any medical evidence at trial. Plaintiff failed to appear and defendants filed a motion for summary disposition. The trial court granted the motion and entered an order dismissing the action with prejudice. Plaintiff appeals.

The Court of Appeals *held:*

The trial court did not abuse its discretion in dismissing this case with prejudice due to plaintiff's failure to comply with the order to undergo examination. There is sufficient record evidence to indicate that plaintiff was aware of the scheduled examinations, therefore, the Court of Appeals deemed plaintiff's failure to cooperate to be willful. Plaintiff's behavior was consciously dilatory.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 772-775.

Am Jur 2d, Depositions and Discovery §§ 282 *et seq.*; 361, 365, 366, 373 *et seq.*, 388.

Dismissal of state court action for failure or refusal of plaintiff to appear or answer questions at deposition or oral examination. 32 ALR4th 212.

Dismissal of state court action for failure or refusal of plaintiff to obey request or order for production of documents or other objects. 27 ALR4th 61.

Dismissal of action for failure or refusal of plaintiff to obey court order. 4 ALR2d 348.

1. ACTIONS — DISCOVERY — NONCOMPLIANCE — DISMISSAL OF ACTIONS
— COURT RULES.

> A trial court may dismiss an action with prejudice as a result of a party's willful noncompliance with a discovery order; the failure to comply need not be accompanied by wrongful intent in order to be deemed willful; it is sufficient if the failure to comply is conscious or intentional, not accidental or involuntary (MCR 2.313[B][2][c]).

2. APPEAL — DISCOVERY — NONCOMPLIANCE — DISMISSAL OF ACTIONS.

> The standard used by the Court of Appeals in evaluating the sanction of dismissal of a complaint for noncompliance with a discovery order is whether the trial judge abused his discretion.

3. APPEAL — JUDICIAL DISCRETION.

> The term judicial discretion involves the idea of choice and an abuse of discretion is far more than a difference of judicial opinion between the trial and appellate courts; for an exercise of judicial discretion to rise to the level of an abuse of discretion, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

*Leonard C. Jaques, P.C.* (by *Gary W. Baun*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendants.

Before: J. H. GILLIS, P.J., and MACKENZIE and R. E. ROBINSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of dismissal pursuant to MCR 2.313(B)(2)(c) for failure to comply with a discovery order. We affirm.

On February 13, 1982, plaintiff was stabbed by defendant Ramos while patronizing defendant Corner Pantry, a party store owned and operated by defendant Camp (and previously co-owned by de-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

fendant Spand, who died prior to commencement
of litigation). On July 29, 1983, plaintiff com-
menced suit against defendants alleging assault
and battery, failure to maintain a safe premises,
violation of the dramshop act and violation of 1980
AACS, R 436.1005.

On February 13, 1985, upon the parties' stipula-
tion, the trial court ordered that plaintiff submit
to an independent medical examination to be con-
ducted on March 27, 1985. Plaintiff did not appear
for the examination on that date. Defense counsel
rescheduled plaintiff's examination for June 24,
1985. Again plaintiff did not appear, and, on this
basis, defendants filed a motion for dismissal.
When plaintiff's attorney explained that he was
having difficulty reaching his client (who was on
escape status from the Department of Corrections
and had left the state), the trial court denied the
motion and entered an order that plaintiff must
submit to an independent medical examination by
the end of the twenty-sixth month following the
filing of the complaint, or September 29, 1985.
Additionally, the court ordered that if plaintiff
failed to be examined by this time he would not be
permitted to introduce any medical evidence at the
time of trial, or any evidence of residual problems
resulting from his injury.

Plaintiff failed to appear for an examination
scheduled for August 20, 1985. When plaintiff
failed to appear for a medical examination by the
end of September, defense counsel filed a motion
for summary disposition pursuant to MCR 2.116,
2.311 and 2.313. At the hearing held on October
11, 1985, plaintiff's counsel again argued his ina-
bility to contact plaintiff. The trial court granted
the motion pursuant to MCR 2.313 for the reason
that plaintiff had failed to comply with a discovery
order and it would be unfair to proceed with the

case under such circumstances. An order dated October 29, 1985, indicated that the dismissal was with prejudice.

MCR 2.313(B)(2)(c) provides that when a party fails to make discovery the court in which the action is pending may order such sanctions as are just, including:

> (c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party.

Under this rule, a trial court may dismiss a case with prejudice so long as noncompliance with a discovery order is willful. To be willful, the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary. *Krim v Osborne,* 20 Mich App 237, 241; 173 NW2d 737 (1969), lv den 383 Mich 765 (1970). The standard to be used by this Court in evaluating the sanction of dismissal of a complaint for noncompliance is whether the trial judge abused his discretion. *Banaszewski v Colman,* 131 Mich App 92, 94; 345 NW2d 647 (1983). In order for an exercise of judicial discretion to rise to the level of an abuse of that power, the result must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959). The term discretion itself involves the idea of choice and abuse of discretion is far more than a difference of judicial opinion between the trial and appellate courts. *Id.,* at 384.

We are satisfied that the trial court did not abuse its discretion in dismissing the instant case with prejudice due to plaintiff's failure to comply with the order to undergo examination. The thrust of plaintiff's argument is that his counsel had great difficulty in locating him, and thus failed to apprise him of the scheduled dates. We find sufficient record evidence that plaintiff had been made aware of scheduled examinations, however, so that his failure to cooperate must be deemed willful. Plaintiff, through counsel, stipulated to submit to an examination. Plaintiff's attorney stated at the August 2, 1985, hearing that he had spoken on the phone with plaintiff in May, 1985, well after the court's order pursuant to the stipulation had been entered. In a letter to plaintiff dated September 5, 1985, plaintiff's counsel indicated that he had notified plaintiff of scheduled medical examinations "on at least three separate occasions." Despite these communications, plaintiff failed to take any steps to satisfy the requirement that he undergo an independent medical examination.

We wish to commend plaintiff's attorney for his vigorous and sincere efforts to obtain the cooperation, and preserve the rights, of his client. Nevertheless, like the trial court, we refuse to condone what on this record must be characterized as consciously dilatory behavior on the part of plaintiff. Because we find no abuse of discretion in the trial court's dismissal with prejudice, the order of the trial court is affirmed.

Affirmed.