# STATE OF MICHIGAN

# COURT OF APPEALS

GERARD TRUDEL,

Plaintiff-Appellant,

v

CITY OF ALLEN PARK, CITY OF ALLEN
PARK EMPLOYEES RETIREMENT SYSTEM,
CITY OF ALLEN PARK EMPLOYEES
RETIREMENT SYSTEM BOARD OF
TRUSTEES, GARY BURTKA, BEVERLY
KELLEY, ELLEN TEMPLIN, DAVID
TRINGER, and JAMES WILKEWITZ,

Defendants-Appellees.

UNPUBLISHED
March 6, 2018

No. 332661
Wayne Circuit Court
LC No. 10-012758-CZ

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

In this case arising out of a pension dispute, plaintiff appeals as of right the trial court's order dismissing his case with prejudice. Previously, the trial court denied plaintiff's motions for summary disposition and superintending control. Plaintiff now challenges those orders. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises out of plaintiff's attempt to collect a duty disability pension from the city of Allen Park in addition to the state judicial pension that he already receives. The matter previously was before our Court, and we refer to that opinion for a brief statement of facts:

> [P]laintiff was a 24th district court judge from January 1, 1993, until his resignation on February 27, 2003. Plaintiff claims that he suffers a total and permanent disability arising from major depression and anxiety disorders, and that these disorders resulted from the performance of his judicial duties. Plaintiff was a member of both the State of Michigan Judges Retirement System (the state retirement system) and the Allen Park Retirement System. He seeks to recover a duty disability pension from the Allen Park Retirement System, in addition to the disability pension he receives from the state retirement system. A medical advisor for the state retirement system determined that plaintiff was totally and

-1-

permanently disabled; however, the state retirement system does not differentiate between duty and non-duty disability, whereas the Allen Park Retirement System does. In addition to his disability pension from the state retirement system, plaintiff has been receiving a service retirement pension from the Allen Park Retirement System since he applied for it in 2008; plaintiff contends, however, that he is entitled to a *duty disability* pension. [*Trudel v City of Allen Park*, unpublished per curiam opinion of the Court of Appeals, issued November 14, 2013 (Docket Nos. 304507, 304567, and 312351) (*Trudel I*), pp 7-8.]

When defendants refused to provide plaintiff with a duty disability pension, he filed a 19-count complaint in the instant case on November 1, 2010. The trial court, believing the state retirement system's decision declaring plaintiff to be totally and permanently disabled to be binding and controlling, granted summary disposition in favor of plaintiff on *all* of his claims and closed the case. We reversed, reasoning that there was a question of fact regarding plaintiff's entitlement to a duty disability pension because plaintiff had not provided any evidence supporting his contention that his disability was caused by his work duties as a judge for the 24th District Court. *Id*. at 9-10.

After remand, the trial court indicated its intent to proceed quickly toward trial and issued a notice of trial requiring plaintiff's presence. When plaintiff failed to attend the trial, the court dismissed his case with prejudice. We again reversed, reasoning that the notice of trial relied on by the trial court was ambiguous and that the trial court failed to properly consider alternative remedies to dismissal, as required by law. *Trudel v City of Allen Park*, unpublished per curiam opinion of the Court of Appeals, issued October 6, 2015 (Docket No. 331749) (*Trudel II*).

Once again on remand to the trial court, plaintiff filed six separate motions for summary disposition and two separate motions for superintending control. The trial court denied those motions. We denied plaintiff's application for leave to file an interlocutory appeal of that order.[1] The case then continued to trial. Plaintiff arrived for the first day of trial, but left in the middle of the proceedings, citing illness. Plaintiff returned for the second day of trial, but left in the middle of defendants' opening statement, citing mental anguish from defendants' allegations. After adjourning for an hour, plaintiff still refused to return to the courtroom. The trial court denied a motion for a mistrial from plaintiff and once again ordered the case dismissed with prejudice. This appeal followed.

## II. SUPERINTENDING CONTROL

Plaintiff argues that the trial court erred in denying his motions for superintending control. We disagree.

### A. STANDARD OF REVIEW AND GENERAL LAW

---

[1] *Trudel v City of Allen Park*, unpublished order of the Court of Appeals, entered March 17, 2016 (Docket No. 331749)

-2-

"The grant or denial of a petition for superintending control is within the sound discretion of the court. Absent an abuse of discretion, this Court will not disturb the denial of a request for an order of superintending control." *The Cadle Co v City of Kentwood*, 285 Mich App 240, 246; 776 NW2d 145 (2009), quoting *In re Goehring*, 184 Mich App 360, 366; 457 NW2d 375 (1990). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). "A court does not abuse its discretion in refusing to grant a writ of superintending control where the party seeking the writ fails to establish grounds for granting a writ." *The Cadle Co*, 285 Mich App at 246.

"The writ of superintending control supersedes the writs of certiorari, mandamus, and prohibition, and provides one simplified procedure for reviewing or supervising a lower court or tribunal's actions." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 346; 675 NW2d 271 (2003). "This Court has explained, 'In substituting superintending control for certiorari, mandamus, and prohibition, the intention was to eliminate frequent mistakes in the choice of remedies.' " *Choe v Flint Charter Twp*, 240 Mich App 662, 666; 615 NW2d 739 (2000), quoting *Lorland Civic Ass'n v DiMatteo*, 10 Mich App 129, 137; 157 NW2d 1 (1968). "The Supreme Court, the Court of Appeals, and the circuit court have jurisdiction to issue superintending control orders to lower courts or tribunals." MCR 3.302(D)(1).

"For superintending control to lie, the petitioners must establish that the respondents have failed to perform a clear legal duty *and* the absence of an adequate legal remedy." *The Cadle Co*, 285 Mich App at 246, quoting *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 134; 503 NW2d 885 (1993). In other words, "[i]f another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed." MCR 3.302(B). See also *In re Payne*, 444 Mich 679, 687; 514 NW2d 121 (1994) ("Superintending control is available only where the party seeking the order does not have another adequate remedy."). "An appeal would be an adequate remedy, and a complaint for superintending control must be dismissed when one is available." *Id*. To wit, the court rule governing actions for superintending control specifically states that, "[w]hen an appeal in the Supreme Court, the Court of Appeals, or the circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed." MCR 3.302(D)(2).

## B. ANALYSIS

Despite plaintiff's lengthy arguments to the contrary, this issue is a simple one. It is simple because, even if plaintiff was correct that defendants erred in all the various ways alleged, and even if plaintiff was actually entitled to a duty disability pension, his motions for superintending control were properly denied because he had an adequate legal remedy. MCR 3.302(D)(2). This outcome is all but preordained by the form of plaintiff's lawsuit and the remedies he sought in the remaining counts of his complaint. In pertinent part, as a remedy for plaintiff's tort, contract, and constitutional claims, he requested that he be granted a duty disability pension and to be compensated for the time that the proper pension was withheld. It is significant that the remedies sought by plaintiff in the legal portions of his lawsuit are identical to the remedies requested in his motions for superintending control. If the trial court had granted plaintiff's motions for summary disposition, or the jury had found in favor of plaintiff after a

-3-

trial, the ultimate outcome would have been that defendants' failure to abide by the Allen Park Ordinances was cured and plaintiff would receive the proper retroactive pension.

The fact that plaintiff could obtain the same relief requested in his motions for superintending control as he sought in his motions for summary disposition or by a jury verdict is dispositive. MCR 3.302(D)(2). Our Supreme Court was clear that "[s]uperintending control is available only where the party seeking the order does not have another adequate remedy." *In re Payne*, 444 Mich at 687. Confusingly, plaintiff was exercising his right to seek that alternate, adequate, and legal remedy in the same case that he also is seeking an order of superintending control. This plainly is not permitted by the court rule and applicable binding case law. See *id*.; MCR 3.302(D)(2).[2]

The trial court did not abuse its discretion in denying plaintiff's motions for superintending control where plaintiff "fail[ed] to establish grounds for granting [it]." *The Cadle Co*, 285 Mich App at 246.

## III. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred in denying his motions for summary disposition with respect to his claims for breach of contract, breach of installment contract, and breach of fiduciary duty. We disagree.

## A. STANDARD OF REVIEW AND GENERAL LAW

Plaintiff moved the trial court for summary disposition pursuant to MCR 2.116(C)(9) and (10). A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "When deciding a motion under MCR 2.116(C)(9), a trial court considers the pleadings alone, accepting as true all well-pleaded allegations, to assess the sufficiency of a defendant's defenses." *Vayda v Lake Co*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 333495); slip op at 4. "Summary disposition under MCR 2.116(C)(9) is proper when the defendant's pleadings are so clearly untenable that as

---

[2] Plaintiff attempts to avoid this conclusion by focusing on certain language in this Court's previous opinion in *Trudel I*. In pertinent part, plaintiff contends that this Court held that he was without a legal remedy because defendants admitted that "they have not established or required an administrative appeal or process regarding duty disability retirement from the Retirement System." *Trudel I*, unpub op at 11 (internal quotation marks omitted). This argument by plaintiff is without merit, because this court only was commenting on the fact that defendants had not provided plaintiff with an *administrative* remedy, not a legal remedy. *Id*. The court rule is clear that an action for superintending control must be dismissed where an adequate remedy is available with a circuit court. MCR 3.302(D)(2). Thus, the fact that plaintiff lacked an administrative remedy is not relevant, considering that, as discussed, plaintiff had a legal course of action that provided identical remedies to those sought in his motions for superintending control. *In re Payne*, 444 Mich at 687. Therefore, this Court's decision in *Trudel I* does not change the outcome reached, *supra*. See *The Cadle Co*, 285 Mich App at 246.

a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id*. at ___; slip op at 4, quoting *Abela v Gen Motors Corp*, 257 Mich App 513, 518; 669 NW2d 271 (2003).

"This Court [] reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10)." *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*. Similarly, the interpretation of an ordinance is reviewed de novo. *Soupal v Shady View, Inc*, 469 Mich 458, 462; 672 NW2d 171 (2003).

Plaintiff challenges the trial court's decision denying his motions for summary disposition on his claims for breach of contract, breach of installment contract, and breach of fiduciary duty. "[A] contract is an agreement between parties for the doing or not doing of some particular thing and derives its binding force from the meeting of the minds of the parties[.]" *In re Mardigian Estate*, 312 Mich App 553, 562; 879 NW2d 313 (2015) (internal quotation marks omitted). "Before a contract can be completed, there must be an offer and acceptance." *Clark v Al-Amin*, 309 Mich App 387, 394; 872 NW2d 730 (2015) (internal quotation marks omitted). An installment contract is still a contract, but one "requiring or authorizing the delivery of goods in separate lots, *or payments in separate increments, to be separately accepted*." *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 532 n 5; 676 NW2d 616 (2004) (internal quotation marks omitted; emphasis in original). "Pension benefits are similar to installment contracts[.]" *Harris v City of Allen Park*, 193 Mich App 103, 107; 483 NW2d 434 (1992). Thus, each missed "installment" amounts to a separate and distinct breach of contract. *HJ Tucker & Assoc, Inc v Allied Chucker & Engineering Co*, 234 Mich App 550, 562-563; 595 NW2d 176 (1999).

In asserting a claim for a breach of contract, installment or otherwise, a party "must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014); *Twichel*, 469 Mich at 532 n 5. In order for summary disposition to be proper for a breach of contract claim, there must be no genuine issue of material fact regarding whether "the party asserting breach of contract suffered damages as a result of the breach." *Dunn v Bennett*, 303 Mich App 767, 774; 846 NW2d 75 (2013) (internal quotation marks omitted).

"When a fiduciary relationship exists, the fiduciary has a duty to act for the benefit of the principal regarding matters within the scope of the relationship." *Meyer & Anna Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 43; 698 NW2d 900 (2005). "Damages may be obtained for a breach of fiduciary duty when a position of influence has been acquired and abused, or when confidence has been reposed and betrayed." *In re Baldwin Trust*, 274 Mich App 387, 401; 733 NW2d 419 (2007) (internal quotation marks omitted), aff'd but criticized 480 Mich 915 (2007). A claim for breach of a fiduciary duty

-5-

"sounds in tort[.]" *Miller v Magline, Inc*, 76 Mich App 284, 313; 256 NW2d 761 (1977); see also *Urbain v Beierling*, 301 Mich App 114, 131; 835 NW2d 455 (2013). "The elements of an action for damages arising out of a tortious injury include: (1) a legal duty, (2) a breach of the duty, (3) a causal relationship, and (4) damages." *Lumley v Bd of Regents for Univ of Mich*, 215 Mich App 125, 130; 544 NW2d 692 (1996). Thus, proof of damages is a necessary element for any tort claim, including one for breach of a fiduciary duty. See *In re Bradley Estate*, 494 Mich 367, 392; 835 NW2d 545 (2013); see also *Urbain*, 301 Mich App at 131; see also *Miller*, 76 Mich App at 313.

## B. ANALYSIS

Plaintiff contends that defendants breached a contract or installment contract, which he alleges was formed pursuant to the Allen Park Ordinances, in several different ways. Plaintiff has raised those same issues in his claim for a breach of the fiduciary duty, stating that in disregarding the requirements of the Allen Park Ordinances, defendants were breaching their fiduciary duty to him. Plaintiff contends that there was no question of fact that defendants deferred his pension without authority under Allen Park Ordinances § 2-182; made the determination to defer his pension without providing plaintiff with notice, an opportunity to be heard, or an administrative appeals process in violation of the ordinance; determined that plaintiff's pension was to be deferred even though he qualified for a normal pension pursuant to Allen Park Ordinances § 2-180(a); stated that plaintiff was required to submit a written application for duty disability pension benefits, although such was not required by Allen Park Ordinances § 2-185(a); and failed to have the Allen Park medical director examine plaintiff and confirm his disability caused by his work duties in violation of Allen Park Ordinances § 2-185(a).

Plaintiff makes a multitude of arguments, but fails to address a singular, simple, and dispositive issue. Even if plaintiff was correct that defendants committed all of those alleged errors, he still was not entitled to summary disposition of his claims for breach of contract, installment contract, or fiduciary duty, because there remained a question of fact on the issue of damages and whether he qualified to receive any damages. As noted, proof of damages is an element in all of plaintiff's claims challenged on appeal. See *In re Bradley Estate*, 494 Mich at 392; see also *Dunn*, 303 Mich App at 774; see also *Harris*, 193 Mich App at 107. Summary disposition pursuant to MCR 2.116(C)(10) is only permitted where "there is no question of material fact as to any of the elements" of a claim or affirmative defense. *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 657; 899 NW2d 744 (2017). Thus, because plaintiff failed to offer any credible evidence, there was a question of fact regarding his entitlement to pension damages, and the trial court properly denied summary disposition. See *id.*

For each claim, plaintiff contends that he suffered damages by being wrongfully denied his duty disability pension, which would have provided him more money than the pension he currently receives, but the amount, if any, to which he claims entitlement is not clear. Plaintiff seeks retroactive payment for the duty disability pension payments that he alleges he should have been receiving since March of 2003. Therefore, if plaintiff was never entitled to a duty disability pension, regardless of the alleged errors, he did not suffer any damages. Consequently, because there is a question of fact with respect to plaintiff's entitlement to a duty disability pension and

-6-

damages that would result therefrom, plaintiff's motions for summary disposition were properly denied. See *id*.

Plaintiff and defendants disagree regarding whether plaintiff was entitled to the duty disability pension as a matter of law. Plaintiff's right to collect a pension is governed by the Allen Park Ordinances. This Court recently discussed the interpretation of ordinances in *Morse v Colitti*, 317 Mich App 526, 548; 896 NW2d 15 (2016):

> The rules governing statutory interpretation apply to ordinances. *Bonner v Brighton*, 495 Mich 209, 222; 848 NW2d 380 (2014). Thus, this Court's goal in the interpretation of an ordinance is to discern and give effect to the intent of the legislative body. If the language used by the legislative body is clear and unambiguous, the ordinance must be enforced as written. *Ameritech Publishing, Inc v Dep't of Treasury*, 281 Mich App 132, 136; 761 NW2d 470 (2008); *Warren's Station, Inc v Bronson*, 241 Mich App 384, 388; 615 NW2d 769 (2000).

Thus, in determining plaintiff's eligibility for a duty disability pension, this Court must begin with the language of the ordinance. *Morse*, 317 Mich App at 548.

Allen Park Ordinances § 2-185, in pertinent part, states:

> *Retirement*. If an employee shall become totally incapacitated for duty by reason of injury, illness or disease resulting from performance of duty, and if the board of trustees by or on behalf of such member or by the head of his department so certifies, such member shall be retired; provided, the medical director, after examination of such member, shall certify to the board of trustees his total incapacity.

A crucial requirement of such a pension, therefore, is that plaintiff be "totally incapacitated for duty by reason of injury, illness or disease resulting from performance of a duty[.]" *Id*.

Plaintiff argues that two letters from his psychiatrist, Dr. Raul Guerrero, presented after our remand in *Trudel I*, stating that plaintiff's disability was caused by his work duties, cured any question of fact regarding the cause of plaintiff's disability. Defendants assert that Dr. Guerrero's letters were inadmissible or ineffective.[3] It is axiomatic that "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties" when considering motions for summary disposition pursuant to MCR 2.116(C)(10). *Maiden*, 461

---

[3] Notably, we do not consider Dr. Guerrero's affidavit in deciding whether the trial court erred in denying plaintiff's motions for summary disposition because plaintiff did not provide the trial court with that affidavit until well after the motions were decided. *Detroit Edison Co v Stenman*, 311 Mich App 367, 377; 875 NW2d 767 (2015) (internal quotation marks omitted) ("When reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court may only consider, in the light most favorable to the party opposing the motion, the evidence that was before the trial court . . . then filed in the action or submitted by the parties[.]").

Mich at 120. A trial court, however, in deciding motions for summary disposition, may only rely on evidence that is "substantively admissible." *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust v City of Pontiac No 2*, 309 Mich App 611, 618; 873 NW2d 783 (2015). This Court has held that "an unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013).

The record is undisputed that the first two letters provided by Dr. Guerrero were not notarized. While they were signed by Dr. Guerrero, a statement with a signature but lacking notarization does not transform that statement into a valid or admissible affidavit. *Sherry v East Suburban Football League*, 292 Mich App 23, 31-32; 807 NW2d 859 (2011). Instead, a valid affidavit "must be (1) a written or printed declaration or statement of facts, (2) voluntarily made, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Id*. at 31. Because the documents were not notarized, they were not substantively admissible as affidavits, and the trial court was not permitted to consider them. See *Gorman*, 302 Mich App at 120.[4]

In sum, Dr. Guerrero's letters regarding the causation of plaintiff's disability were not substantively admissible, and therefore, could not be considered in the trial court's decision regarding summary disposition. *Gorman*, 302 Mich App at 120. Absent Dr. Guerrero's letters, plaintiff was left without any evidence, except his own assertions, that his disability was caused by his work duties, resulting in a question of fact regarding that issue. Consequently, there was also a question of fact regarding plaintiff's entitlement to a duty disability pension. Allen Park Ordinances § 2-185(a). Plaintiff alleged that the ultimate damage he suffered from defendants' breach of contract, installment contract, or fiduciary duty, was the wrongfully withheld duty disability pension benefits. Considering that there was a question of fact regarding his rights to those payments, there remained a genuine issue of material fact with respect to all three of those claims' damages elements. See *In re Bradley Estate*, 494 Mich at 392; see also *Dunn*, 303 Mich App at 774; see also *Harris*, 193 Mich App at 107.

Thus, plaintiff was not entitled to summary disposition on any of those claims, and the trial court did not err in denying those motions. See *Shelton*, 318 Mich App at 657.[5] That

---

[4] Plaintiff also argues that the letters were admissible under certain hearsay exceptions, attempting to skirt the previously discussed rule regarding affidavits. However, regardless of the applicability of the hearsay rules to the letters prepared by Dr. Guerrero, this Court will not permit a party to create a question of fact regarding an issue based on an unsworn statement by a purported expert witness. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009). Thus, Dr. Guerrero's unsworn letters would likewise be insufficient to resolve a question of fact in plaintiff's favor, even if admissible. See *id*

[5] Briefly, it is also of note that there remains a question of law regarding the language of Allen Park Ordinance § 2-185(a). In pertinent part, as a condition precedent to obtaining a duty disability pension, the ordinance requires the Allen Park medical director to "examine" a retiree and "certify" their status as "totally incapacitated." *Id*. The record is undisputed that the Allen

decision being dispositive on the issue of summary disposition renders the remaining arguments of the parties moot, and we refuse to consider them.

## IV.  DISMISSAL WITH PREJUDICE

Plaintiff argues that the trial court abused its discretion when it dismissed his case with prejudice.  We disagree.

### A.  STANDARD OF REVIEW AND GENERAL LAW

This Court reviews a trial court's decision to dismiss a case for an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 387-388; 719 NW2d 809 (2006).  "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry*, 486 Mich at 639.  Meanwhile, "[t]his Court reviews de novo questions about the correct interpretation and application of statutes and court rules." *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 71; 903 NW2d 197 (2017).

To resolve this issue, we look to the applicable court rules.  This Court recently restated the proper procedure for interpreting the court rules.  In *In re DeCoste Estate*, 317 Mich App 339, 346; 894 NW2d 685 (2016), we said:

> We analyze court rules using the same rules of construction that are used to analyze statutes.  [*In re*] *Leete Estate*, 290 Mich App [647,] 655[; 803 NW2d 889 (2010)].  "Our goal in interpreting the meaning of a court rule is to give effect to the intent of the drafters." *Id*.  We first examine the language of the court rule. *Id*.  "The drafters are assumed to have intended the effect of the language plainly expressed, and we must give every word its plain and ordinary meaning." *Id*. at 655–656.  If the language is plain and unambiguous, we apply the language as it is written in the court rule. *Id*. at 656.  "In such instances, judicial construction is neither necessary nor permitted." *Id*.

"The court in which a matter is pending may by order or subpoena command a party or witness to appear for the purpose of testifying in open court on a date and time certain and from

---

Park medical director never performed that duty in the instant case.  Plaintiff contends that defendants breached their contract with him by not ordering the Allen Park medical director to perform that duty once they received notice of plaintiff's disability from the state retirement system.  However, the plain language of the ordinance does not provide which party is required to take the proactive step of requesting that examination and certification. *Id*.  The ordinance does not clarify whether plaintiff was required to request an examination and certification from the Allen Park medical director, or whether defendants were required to request plaintiff to submit to such an examination for the purpose of certification. *Id*.  Thus, even if Dr. Guerrero's letters were admissible and dispositive of causation, plaintiff's entitlement to a duty disability was not established as a matter of law for summary disposition. *Id*.  In either case, the motions were properly denied.  See *Shelton*, 318 Mich App at 657.

time to time and day to day thereafter until excused by the court." MCR 2.506(A)(1). In accordance with MCR 2.506(B)(1), "A subpoena signed by an attorney of record in the action or by the clerk of the court in which the matter is pending has the force and effect of an order signed by the judge of that court." MCR 2.506(F)(5) and (6) provide, "If a party . . . fails to attend . . . pursuant to a subpoena or an order to attend, the court may . . . dismiss the action or any part of it . . . [or] enter judgment by default against that party[.]" The imposition of such a sanction is discretionary as evidenced by use of the term "may" within the referenced subsection. *In re Estate of Weber*, 257 Mich App 558, 562; 669 NW2d 288 (2003) ("[T]he term 'may' presupposes discretion and does not mandate an action.").

In sum, "[a] court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "Dismissal is a drastic step that should be taken cautiously." *Brenner v Kolk*, 226 Mich App 149, 163; 573 NW2d 65 (1997). Because "dismissal is a drastic sanction," this Court requires consideration of the following factors before doing so:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Woods v SLB Prop Mgt*, 277 Mich App 622, 631; 750 NW2d 228 (2008), quoting *Vicencio*, 211 Mich App at 507.]

## B. ANALYSIS

Plaintiff was provided with a notice of trial on February 10, 2016, more than one month before trial in compliance with the 28 days' notice provision in MCR 2.501(C). Further, defendants issued plaintiff a subpoena on March 2, 2016, identifying the date and time set for trial, as well as referencing that plaintiff might be required to return on subsequent days in order to testify. The subpoena was sent in compliance with MCR 2.506(C)(1), which requires only that the subpoena be sent "at least 2 days before the witness is to appear." Plaintiff did not challenge that subpoena pursuant to MCR 2.506(C)(3). On the first day of trial, plaintiff exited the courtroom before opening statements began. Plaintiff complained of stomach issues. Plaintiff's counsel moved the trial court to adjourn the proceedings until the following day, but the trial court stated that he would excuse plaintiff's absence for opening statements. Defendants moved the trial court to continue the subpoena to the next day. Plaintiff did not object to that request, and even requested that his own subpoenas be similarly continued. The trial court stated that plaintiff would have to attend the trial the following day.

At the start of the proceedings on the second day of trial, plaintiff was in the courtroom. During defendants' opening continued from the previous day, plaintiff objected to many of the statements regarding allegations made against him by the Judicial Tenure Commission (JTC) and his alleged testimony before the Workers' Compensation Board. Plaintiff became upset when the trial court overruled those objections. Eventually, while defendants were still giving their opening statement, plaintiff left the courtroom. After the openings, plaintiff refused to return to

the courtroom, claiming that he was mentally unable to continue. Despite defendants' motion to dismiss, the trial court ordered that it would adjourn until plaintiff's other potential witness, Allen Park City Clerk Michael Mizzi, arrived. One hour later, the trial court noted that plaintiff still was refusing to return to the courtroom. There was no indication on the record whether Mizzi had arrived. Plaintiff's counsel moved for a mistrial based on defendants' allegedly improper opening statement. When the trial court denied that motion, plaintiff's counsel stated that plaintiff was not prepared to continue with his case. Defendants again moved the trial court to dismiss plaintiff's case without prejudice. The trial court granted that motion, but with prejudice, reasoning that plaintiff was aware he was under subpoena to be a witness, had adequate notice of trial requiring his presence, and had abandoned the case.

The *Vicencio* factors lay out the test for whether a trial court abuses its discretion in dismissing an action with prejudice. The first factor requires consideration of whether plaintiff's violation of the court order was wilful or accidental. *Vicencio*, 211 Mich App at 507. We previously held that "[t]o be willful, the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary." *Edge v Ramos*, 160 Mich App 231, 234; 407 NW2d 625 (1987). The subpoena issued to plaintiff required his presence for trial. As a valid subpoena, it had the effect of an order of the court. MCR 2.506(B)(1). [6] Further, the notice of trial issued to plaintiff, more than one month in advance of trial, required his presence. [7] Plaintiff violated those court orders when he left the courtroom on both days of trial. Although plaintiff contends that he left due to alleged sickness and places blame on his mental state due to the trial court's orders allowing allegedly inadmissible evidence

_____

[6] Plaintiff asserts for the first time on appeal that the subpoena was ineffective because it was not proper under the laws of his home state of California. Plaintiff waived this argument by failing to challenge the subpoena and initially abiding by its terms. "[A] waiver is a voluntary and intentional abandonment of a known right." *Quality Prod Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 374; 666 NW2d 251 (2003). Plaintiff undoubtedly knew of his right to challenge the subpoena, because he did so before the previous trial, as discussed in *Trudel II*, unpub op at 2. Further, he was provided with several instances to raise the right, the most obvious of which was when defendants requested to continue the subpoena on the first day of trial. His failure to exercise his rights was a waiver. See *id*. This Court will not "permit [plaintiff] to harbor error as an appellate parachute." *Hoffenblum v Hoffenblum*, 308 Mich App 102, 117; 863 NW2d 352 (2014).

[7] Plaintiff argues that the notice is ambiguous and ineffective based on this Court's previous decision in *Trudel II*, unpub op at 3-4, which held that the language used in the notice of trial could be read to require only the presence of plaintiff's counsel. While it is perplexing that the trial court would continue to use the same notice of trial that this Court determined to be ambiguous, plaintiff cannot rely on that ambiguity a second time. It is only logical that plaintiff properly understood the notice of trial this time around because the trial court made itself clear, when it dismissed plaintiff's case when he failed to attend the previous trial, that the notice of trial required plaintiff's personal attendance. Thus, this Court's previous decision in *Trudel II* is unhelpful to plaintiff, because it reveals his awareness of the trial court's expectations when issuing the notice of trial – that plaintiff was to personally attend.

to be discussed during opening statement, we find those facts to be irrelevant because plaintiff need not have intended to disobey the court's orders in order to have willfully violated them. *Edge*, 160 Mich App at 234. Instead, it was enough that plaintiff knew he was under court order to be there for trial, but chose to leave anyway. See *id*.

Thus, despite plaintiff's arguments to the contrary, he willfully violated an order of the trial court when he left the courtroom. See *Vicencio*, 211 Mich App at 507.

We consider the second, fourth, and fifth *Vicencio* factors together, because they are interrelated. Under these factors, we evaluate "the party's history of refusing to comply with previous court orders;" "whether there exists a history of deliberate delay; [and] the degree of compliance with other parts of the court's orders[.]" *Id*. When the instant case first began, plaintiff served more than 300 requests to admit on defendants. Defendants asserted that the requests were burdensome and an attempt to increase the cost of litigation. In response, the trial court set aside those requests and defendants' responses, and ordered plaintiff to resubmit a different version that was limited to 50 such requests. In *Trudel I*, unpub op at 2-4, we affirmed that order of the trial court. Despite the trial court's order setting aside defendants' responses and this Court's affirmance thereof, plaintiff repeatedly and consistently relied on defendants' alleged admissions in those responses, attaching a multitude of pages to almost every motion he filed with the trial court. Plaintiff also sought to admit those responses as evidence at trial. Plaintiff's actions not only exhibit "a history of deliberate delay" considering the vast amount of requests originally served and then his continued reliance on defendants' responses thereto despite the fact that they were set aside, but plaintiff also has a history of refusing to comply with the trial court's orders. See *Vicencio*, 211 Mich App at 507. Further, it shows plaintiff's intent to ignore our opinions.

This trend continued when, before any presentation of evidence at trial, defendants sought dismissal of plaintiff's negligence claims against the entity defendants. Despite this Court's clear and unequivocal holding in *Trudel I*, unpub op at 15-17, that those claims were barred by governmental immunity as a matter of law, plaintiff refused to stipulate to their dismissal. Once again, plaintiff's behavior revealed a disregard for courts' orders and an intent to deliberately delay the proceedings. Plaintiff further exhibited his intent to deliberately delay the proceedings by filing six motions for summary disposition and two motions for superintending control, which all relied on almost identical wrongs and requested almost identical relief.

Considering plaintiff's litigation and non-compliant history, the second, fourth, and fifth factors weighed heavily in favor of dismissal with prejudice. See *Vicencio*, 211 Mich App at 507.

With regard to the third factor, plaintiff's absence in violation of the court's order caused prejudice to defendants. See *id*. Defendants' case, as stated during their opening statement, relied largely on the allegation that plaintiff's disability was not caused by his work duties. Pursuant to the trial court's evidentiary orders, defendants' primary way of introducing evidence of plaintiff's acknowledgment that there were other causes for his disability was to be plaintiff's cross-examination and use of his previous words to impeach his testimony. Considering

-12-

plaintiff's absence from the courtroom, defendants would have been denied that opportunity. Thus, this factor weighed in favor of dismissal. *Id.*

The sixth factor also weighed in favor of dismissal, because plaintiff did not take any steps to cure his absence from the court. *Id.* Indeed, the fact that plaintiff left the courtroom two days in a row indicated that he had no plans to participate in the trial at any time. The trial court twice gave plaintiff an opportunity to cure his absence by adjourning the proceedings but to no avail. When the trial court finally dismissed the case, it did so because plaintiff refused to return to the courtroom after the trial court's second adjournment. *Id.* In our view, the trial court was left with no choice.

The seventh, and final, *Vicencio* factor requires consideration of "whether a lesser sanction would better serve the interests of justice." *Id.* The trial court not only considered lesser sanctions but, on two occasions, used them. The first sanction for failing to appear at trial pursuant to a court order was to "stay further proceedings until the order is obeyed." MCR 2.506(F)(1). The trial court adjourned the presentation of evidence on the first day of trial, providing plaintiff with additional time to return to the courtroom, even though he would miss portions of the opening statements. The following day, the trial court adjourned the trial again when plaintiff exited the courtroom even though he had expressed his intent to testify first, so other witnesses were not in attendance. After both adjournments, plaintiff still refused to enter the courtroom. The trial court then considered, based on defendants' motion, whether dismissal without prejudice was an adequate sanction. Ultimately, the trial court determined that it was not, noting plaintiff's continued failure to abide by the trial court's orders and his essential abandonment of the case. The record shows that a dismissal without prejudice, or any lesser sanction, would have led to plaintiff's continued disregard for court orders and deliberate delay. Thus, this factor also weighed in favor of dismissal with prejudice. *Id.*

In sum, all of the *Vicencio* factors favored dismissal in this case, and although the trial court did not identify *Vicencio* or its factors by name, the context of the trial court's order fully supports that its decision to dismiss the case with prejudice was within the range of principled outcomes. *Edry*, 486 Mich at 639. Therefore, the trial court did not abuse its discretion. *Id.*

Plaintiff provides a multitude of arguments in an attempt to avoid this conclusion, none of which has merit. First, plaintiff asserts that the trial court failed to consider that it was actually Mizzi's absence from trial in violation of his subpoena that caused the dismissal. Plaintiff's contention is without merit because plaintiff fails to acknowledge that it was his refusal to return to the courtroom that made Mizzi's absence even remotely problematic. Plaintiff previously agreed to provide defendants with a few hours' notice when a witness would be called, so that the witnesses could leave work. Mizzi left the court, according to the record, because plaintiff asserted he would testify first. Thus, Mizzi's absence was caused by plaintiff and it is well-settled that this Court will not reverse "upon alleged error to which the aggrieved party contributed by plan or negligence." *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). Furthermore, the trial court record does not provide any guidance on whether Mizzi had actually returned to the courtroom after the court adjourned to wait for Mizzi's arrival. Because our review is limited to the record, there is no factual predicate for plaintiff's claim that Mizzi's absence was in violation of a subpoena. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).

Second, plaintiff asserts that the trial court failed to consider his mental anguish upon hearing defendants' opening statement after the trial court overruled his objections. Notably, the mental state of a party after adverse evidentiary rulings, regardless of the merit of those decisions, is not a factor typically considered under *Vicencio*, 211 Mich App at 507. It would set a dangerous precedent to allow a party to abandon a case when he is emotionally affected, or feigns emotional affection, by evidentiary rulings and then be permitted to use a subjective reaction to his advantage on appeal.

Related to his mental anguish contention is plaintiff's claim that the trial court erred by failing to consider his disability under the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1101 *et seq.*, before dismissing the case. Plaintiff, however, did not request any accommodation or consideration under the PDCRA before the trial court dismissed his case. Additionally, now on appeal, when first making this argument, plaintiff fails to provide even an inkling of what accommodations would have been satisfactory, or any authority, besides a general reference to the PDCRA itself, that would require this Court to reverse the trial court's decision to dismiss the case based on an alleged failure to consider his disability. "This Court will not search for authority to sustain or reject a party's position. The failure to cite sufficient authority results in the abandonment of an issue on appeal." *King v Mich State Police Dep't*, 303 Mich App 162, 176; 841 NW2d 914 (2013). Further, " '[i]ssues raised for the first time on appeal are not ordinarily subject to review' and 'this Court has repeatedly declined to consider arguments not presented at a lower level[.]' " *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 254 n 26; 901 NW2d 534 (2017), quoting *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993). Thus, we refuse to consider this argument by plaintiff.

Lastly, plaintiff contends that the trial court should never have reached the issue of dismissing the case because it should have granted plaintiff's motion for a mistrial. Plaintiff's motion for a mistrial was based on the alleged misconduct of defendants' counsel during opening statement. "[T]he purpose of an opening statement is to tell the jury what the advocate will attempt to prove." *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 503; 668 NW2d 402 (2003). "An attorney's comments do not normally constitute grounds for reversal unless they reflect a deliberate attempt to deprive the opposing party of a fair and impartial proceeding." *Zaremba Equip, Inc v Harco Nat Ins Co*, 302 Mich App 7, 21; 837 NW2d 686 (2013). Ultimately, plaintiff's abandonment of the case renders this issue unreviewable.

One of the main issues remaining for trial was whether plaintiff's disability was caused by his work duties. The challenged portions of defendants' opening statement related to other potential causes of plaintiff's disability, focusing on the JTC investigation. Defendants alleged that plaintiff had previously testified, under oath, during a hearing before the Workers' Compensation Board, that the JTC investigations and the allegations therein were the cause of his disability. Over plaintiff's objections, the trial court held that defendants would be permitted to impeach plaintiff during cross-examination on the basis of that alleged testimony. Assuming plaintiff would have testified at trial that his disability was caused by his work duties, use of plaintiff's prior inconsistent statements during the Workers' Compensation hearing would have

been a permissible use of impeachment evidence pursuant to MRE 613. See *Barnett v Hidalgo*, 478 Mich 151, 164-165; 732 NW2d 472 (2007). Moreover, relevant portions of the administrative hearing transcript itself were plausibly admissible pursuant to MRE 613.[8]

Further, our review is curtailed because the trial never reached plaintiff's testimony or cross-examination, due to his abandonment of the case. Thus, because the trial ended before defendants were able to present that transcript, we cannot now know whether, as claimed in defendants' opening statement, plaintiff previously testified regarding other causes of his disability. This Court can only review the existing record, which does not contain the testimony. See *Sherman*, 251 Mich App at 56. Therefore, there is a distinct possibility that defendants' claims were true, and if true, were highly relevant to a crucial issue at trial – causation of plaintiff's disability. Consequently, the record on appeal provides no ground for us to hold that defendants' opening statement "deprive[d] [plaintiff] of a fair and impartial proceeding," or that the trial court should have granted plaintiff's motion for a mistrial. *Zaremba Equip*, 302 Mich App at 21.

Considering that the trial court did not abuse its discretion by dismissing plaintiff's case with prejudice, the remaining issues have been rendered moot.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

---

[8] MRE 613 creates an exception for admissions of a party-opponent pursuant to MRE 801(d)(2). See *Barnett*, 478 Mich App at 164-165.