WELCH v J WALTER THOMPSON USA, INC

Docket No. 119032. Submitted November 15, 1990, at Detroit. Decided
    January 9, 1991, at 9:35 A.M. Leave to appeal sought.

Wallace R. Welch brought an action for wrongful discharge in the
    Wayne Circuit Court against J. Walter Thompson U.S.A., Inc.,
    and Charles Balestrino. The trial court, John H. Gillis, Jr., J.,
    dismissed the action after the plaintiff failed to comply with a
    discovery order to submit copies of income tax returns jointly
    filed by him and his wife as requested by the defendants for
    trial preparation regarding mitigation of damages. The plaintiff
    appealed.

    The Court of Appeals *held:*

    The trial court did not abuse its discretion in dismissing the
    plaintiff's case. The defendants' attempts to discover informa-
    tion vital to a proper defense of the case were frustrated by the
    plaintiff's failure to comply with the discovery order, the lack
    of compliance was not inadvertent, and the imposition of alter-
    nate sanctions would not have deterred the plaintiff from
    continuing his dilatory course of conduct.

    Affirmed.

PRETRIAL PROCEDURE — DISCOVERY — REMEDIES — DISMISSAL.

    A trial court has the discretion to dismiss a cause of action for
    failure to comply with a discovery order where the noncompli-
    ance is wilful, i.e., conscious or intentional, and not accidental.

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Alan B. Posner*), for the plaintiff.

*Bodman, Longley & Dahling* (by *James J. Walsh*
and *David P. Larsen*), for the defendants.

REFERENCES
Am Jur 2d, Depositions and Discovery §§ 21, 29, 261, 385.
Dismissal of state court action for failure or refusal of plaintiff to
    obey request or order for production of documents or other
    objects. 27 ALR4th 61
Discovery and inspection of income tax returns in actions between
    private individuals. 70 ALR2d 240.

Before: Griffin, P.J., and Wahls and Sawyer, JJ.

Per Curiam. Plaintiff appeals as of right the dismissal with prejudice of his complaint for his failure to comply with a discovery order directing the production of plaintiff's joint tax returns. We affirm.

Plaintiff filed the underlying suit against defendants in April 1988, alleging wrongful discharge from his employment at J. Walter Thompson U.S.A., Inc. Because plaintiff claimed lost wages as part of his damages, defendants asserted that plaintiff's actual efforts to mitigate those damages were crucial to their trial preparation. In an attempt to learn the full extent of plaintiff's earnings, defendants, on January 11, 1989, served plaintiff with a request for production of documents, including plaintiff's tax returns for the years 1983 through 1988. On April 26, 1989, plaintiff responded to the request by refusing to produce any tax returns, claiming that he and his wife filed joint returns and that his wife's income was confidential. Plaintiff did, however, provide some documents which he asserted were a summarization of his income disclosed in his federal, state, and municipal tax returns. This summarized tax information was for some, but not all, of the years covered by defendants' request.

Defendants offered plaintiff a protective order to eliminate any concerns plaintiff might have about the confidentiality of his wife's income. Nevertheless, plaintiff still refused to produce the tax returns. As a result of plaintiff's failure to comply with the request, defendants filed a motion to compel production pursuant to MCR 2.313(A). At the May 12, 1989, hearing on the motion, plaintiff reiterated his argument that his wife's income was

confidential and that the tax returns would not be produced. The trial judge ordered plaintiff to produce the returns, stating: "The court will grant the motion, but her income can't be disclosed to anyone and it cannot be used at trial."

Plaintiff did not seek rehearing of the trial judge's May 12, 1989, order to produce the tax returns, nor did plaintiff seek leave to appeal to this Court. However, plaintiff still did not comply with the May 12, 1989, order to produce the tax returns. Therefore, defendants filed a motion for sanctions pursuant to MCR 2.313(B). At a June 2, 1989, hearing on defendants' motion, plaintiff argued for the first time that his wife had possession of the tax returns and that he was unable to obtain them. At the conclusion of the hearing, the trial judge assessed plaintiff $1,000 in costs for plaintiff's failure to comply with the order of production and ruled that the case would be dismissed if plaintiff did not produce the tax returns within seven days.

By the expiration of the seven-day deadline, plaintiff had not complied with the court's order. On June 14, 1989, plaintiff filed with this Court an application for leave to appeal from the trial court's June 2, 1989, order. Meanwhile, on June 19, 1989, seventeen days after the trial court threatened plaintiff with dismissal of his case, the trial judge entered a final order, dismissing plaintiff's complaint with prejudice because of his failure to produce the tax returns by June 9, 1989. Plaintiff then appealed as of right the final order to this Court.

On appeal, plaintiff argues that the trial court erred by imposing the drastic sanction of dismissal. Plaintiff maintains that the court neither considered the range of sanctions available nor tailored an appropriate sanction under the circum-

stances. Plaintiff contends that dismissal was inappropriate because violation of the court order compelling discovery was not wilful in that his wife, who was not a party to this action, had possession of the tax returns and would not release them. Plaintiff further argues that the discovery order at issue related only to a single aspect of his damages, the mitigation of lost income, and that the production of tax returns would be cumulative of what had already been furnished to defendants. Finally, plaintiff states that the trial judge should have ordered that the tax returns be produced for an in camera hearing.

Failure to comply with a discovery order is a ground for dismissal where the noncompliance is wilful. *Edge v Ramos,* 160 Mich App 231, 234; 407 NW2d 625 (1987). To be wilful, the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental. *Id.* Dismissal of a cause of action for failure to comply with discovery rules is within the discretion of the trial court. *Houston v Southwest Detroit Hosp,* 166 Mich App 623, 628; 420 NW2d 835 (1987).

Upon review of the present case, we find no abuse of discretion. In support of his argument that the tax returns should have been produced for an in camera hearing, plaintiff cites *Fassihi v St Mary Hosp of Livonia,* 121 Mich App 11; 328 NW2d 132 (1982). In *Fassihi,* a panel of this Court held that a joint return was to be submitted for an in camera inspection by the trial court, which could then redact it for information within the scope of the wife's right to privacy. We note however, that plaintiff in the present case did not invoke the court's discretion to order such a hearing by making a timely objection. Instead, plaintiff made no objection to the request to produce until

three months after the request was served. MCR 2.310(B)(2) requires a party on whom a request for production of documents is served to make a written response within twenty-eight days after service of the request. Objections not timely raised are deemed waived. See *United States v 58.16 Acres of Land,* 66 FRD 570 (ED Ill, 1975). Moreover, defendants offered plaintiff a protective order to eliminate any concerns plaintiff may have had regarding the confidentiality of his wife's income. Nevertheless, plaintiff refused to produce the tax returns. The trial court essentially entered a protective order by granting defendants' motion to compel, but ordering that the income of plaintiff's wife could not be disclosed to anyone and could not be used at trial. Plaintiff still did not comply.

Plaintiff's bad faith is revealed by his eleventh-hour claim that he could not comply with the original order compelling production because the tax returns were in the possession of his wife, who refused to release them to him. Pursuant to 26 USC 6103(e)(1)(B), the income tax return of a person filing jointly shall, upon written request by that person, be open to inspection by or disclosure to him or any designated person. Courts have established that a party's right to inspect and reproduce copies of his own tax records vitiates a claim that income tax records not under his immediate control need not be produced in civil litigation. *Rhodes v Edwards,* 178 Neb 757; 135 NW2d 453 (1965), *cert den* 382 US 943, 86 S Ct 399, 15 L Ed 2d 352 (1965). *Hawkins v Wiggins,* 92 Ill App 3d 278; 47 Ill Dec 866; 415 NE2d 1179 (1980). Moreover, a hearing on a motion to dismiss is an inappropriate time to raise an excuse for failing to comply with a discovery order. *Humphrey v Adams,* 69 Mich App 577; 245 NW2d 167 (1976). It is difficult to believe that plaintiff's "excuse" for not

producing the tax returns is legitimate where he seeks damages for lost income, where defendants have discovered that the construction company plaintiff formed apparently pays its officers (which includes plaintiff and his family) a salary of $82,000, and where the company purchased, for $49,000, a new Porsche Targa for plaintiff's use. The "excuse" also seems inconsistent where plaintiff has already produced documents revealing income derived jointly by him and his wife. It appears that plaintiff is attempting to reduce his apparent income by attributing it to his wife, and thereby insulate it from his adversaries.

We also note that, contrary to plaintiff's assertion, production of the tax returns would not be cumulative of material that plaintiff has already produced. Finally, we find that the trial court did in fact explore alternative sanctions, including the imposition of costs, which proved ineffective. The trial court gave plaintiff ample opportunity to produce the returns, which plaintiff failed to do.

We conclude that the trial court did not abuse its discretion in dismissing plaintiff's case where defendants' attempts to discover information vital to a proper defense of the case were frustrated, where the noncompliance was not inadvertent, and where the imposition of alternate sanctions would not have deterred plaintiff from continuing his dilatory course of conduct. *Bellok v Koths,* 163 Mich App 780, 783; 415 NW2d 18 (1987).

Affirmed.