# STATE OF MICHIGAN

# COURT OF APPEALS

---

JAMES JACKSON,

        Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY and
ESSENTIA INSURANCE COMPANY,

        Defendants-Appellees,

and

MEGAN RENEE KLEINEDLER,

        Defendant.

UNPUBLISHED
June 23, 2016

No. 325918
Oakland Circuit Court
LC No. 2014-140527-NI

---

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant Essentia Insurance Company's motion to dismiss for plaintiff's continued failure to comply with discovery orders. We affirm.

This case arose from a car accident that occurred on May 3, 2013. At the time of the accident, plaintiff was covered by insurance policies from both defendant Auto-Owners Insurance Company and defendant Essentia, and following the accident plaintiff filed a claim for unpaid no-fault benefits against defendants. Following repeated noncompliance with discovery orders and after dismissing and reinstating the case once, the trial court dismissed plaintiff's claim in accordance with defendant Essentia's motion.

Plaintiff argues that the trial court abused its discretion when it dismissed his case because the relevant factors delineated in *Woods v SLB Property Management LLC*, 277 Mich App 622; 750 NW2d 228 (2008), regarding whether dismissal is warranted did not weigh in favor of dismissal and because the trial court failed to consider the relevant factors and evaluate other options on the record. We disagree.

Issues are preserved for appeal when they have been raised in and decided by the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). "Where an issue

-1-

is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau General Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Plaintiff did not respond to defendant Essentia's motion to dismiss and did not appear at the hearing. Instead, plaintiff filed a motion for reinstatement or reconsideration, arguing that his claim should not have been dismissed, and argued that motion at a January 21, 2015, hearing. Thus, the only time plaintiff challenged the trial court's decision to dismiss his claim was in a motion for reinstatement or reconsideration, and this issue is, therefore, unpreserved.

"A trial court's decision to dismiss an action is [generally] reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). Also, in determining whether dismissal of an action is warranted, the failure to evaluate other available sanctions on the record constitutes an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995). However, "[r]eview of an unpreserved error is limited to determining whether a plain error occurred that affected substantial rights." *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The court rules confer express authority on the trial court to dismiss a complaint. *Maldonado*, 476 Mich at 391. MCR 2.504(B)(1) provides that "[i]f a party fails to comply with . . . a court order, upon motion by an opposing party, or sua sponte, the court may enter a . . . dismissal of the noncomplying party's action or claims." " 'MCR 2.313(B)(2)(c) explicitly authorize[s] a trial court to enter an order dismissing a proceeding . . . [for the failure] to obey an order to provide discovery.' " *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000), quoting *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled on other grounds by *Dimmitt & Owens Financial, Inc v Deloitte & Touche (ISC) LLC*, 481 Mich 618; 752 NW2d 37 (2008).

However, "[o]ur legal system favors disposition of litigation on the merits" and "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio*, 211 Mich App at 506-507. Severe sanctions are generally appropriate only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary. *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998). Thus, before imposing dismissal as a sanction, "the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio*, 211 Mich App at 506. Courts must consider several factors in determining whether dismissal is proper, including:

> "(1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice." [*Woods*, 277 Mich App at 631, quoting *Vicencio*, 211 Mich App at 507.]

In defendant Essentia's second motion to dismiss, it argued that plaintiff had been served with the following discovery requests: (1) first interrogatories, (2) first request for the production of documents, (3) a notice of deposition, and (4) "authorizations necessary to verify [plaintiff's] claims." Defendant Essentia stated that plaintiff failed to appear for the deposition, failed to respond to the discovery requests,[1] had later failed to comply with a stipulated order compelling the discovery requests, and, after verbally representing to the trial court that answers to the outstanding discovery and the authorizations would be provided, had still not provided any of the discovery or authorizations required in the stipulated order. Further, defendant Essentia alleged that plaintiff failed to pay the ordered sanctions. Defendant Essentia argued that dismissal was proper because (1) plaintiff's noncompliance with discovery orders had been "willful;" (2) plaintiff had a history of refusing to comply with discovery requests as evidenced by the fact that "plaintiff's willful ignoring of this case has already resulted in its dismissal once;" (3) defendant Essentia had been prejudiced by plaintiff's noncompliance because "deadlines in this [c]ourt's Scheduling Order are fast approaching, and there is no hope of meeting those deadlines due to [p]laintiff's complete failure to participate in discovery;" and (4) other lesser sanctions would not be more appropriate than dismissal because "[p]laintiff has already demonstrated that even dismissal will not prompt him to participate in discovery."

Plaintiff failed to respond to this motion and did not appear at the hearing. At the hearing on the motion, defendant Essentia reiterated the arguments contained in its motion and requested that the case be dismissed. The trial court granted the motion and stated, "We'll incorporate for the purposes of the record, the previous history of the failure to comply with discovery request." The trial court's written order elaborated on the reasons dismissal was appropriate, stating that the motion to dismiss was granted "for the reasons stated in Essentia's brief and/or on the record at oral argument . . . ." In light of the fact that the trial court previously imposed lesser sanctions before granting the dismissal at issue, and because the court incorporated defendant Essentia's reasoning in the order, the trial court adequately evaluated the available options on the record.

Additionally, the trial court did not err in weighing the factors delineated in *Woods* and dismissing plaintiff's case. First, a discovery violation is willful "if it is conscious or intentional, not accidental." *Welch v J Walter Thompson, USA, Inc*, 187 Mich App 49, 52; 466 NW2d 319 (1991). Wrongful intent is not required. *Id*. Plaintiff was well aware of the trial court's orders requiring him to produce the requested discovery. Plaintiff was placed on notice of his discovery obligations when the trial court entered the scheduling order and entered orders compelling discovery, and when plaintiff appeared at the hearing regarding his first motion to reinstate the case. Moreover, the trial court's order granting defendant Auto-Owners' motion to compel plaintiff's answers to interrogatories also made plaintiff aware that he risked dismissal of his claim through noncompliance with orders. While plaintiff claims that the continued failure to comply with those orders was the result of scheduling errors and accident, given the history of the case the failure to provide the requested discovery cannot be considered accidental. Because plaintiff was aware of the requirements of the discovery orders, the failure to provide the

---

[1] Plaintiff did, tardily, provide answers to interrogatories on November 12, 2014, but the defense claimed that they were deficient.

required discovery must be considered conscious, and, thus, willful. See *Edge v Ramos*, 160 Mich App 231, 235; 407 NW2d 625 (1987) (the plaintiff's failure to comply with discovery order was willful when the plaintiff was aware of scheduled examinations but failed to attend).

Second, plaintiff has a history of noncompliance with past discovery requests. Defendants filed the original discovery requests on July 15, 2014. When plaintiff did not respond to the requests, defendant Auto-Owners filed a motion to compel, which was granted, and a stipulated order was entered granting defendant Essentia's request for discovery. Again, plaintiff did not produce the discovery as required by the court's orders. Additionally, plaintiff did not appear at the hearing on defendant Essentia's first motion to dismiss. The trial court gave plaintiff another chance to comply with the orders when it reinstated the case at a hearing on November 5, 2014. Yet, 20 days after that hearing, when defendant Essentia filed its second motion to dismiss, plaintiff had still not complied with the majority of the discovery requests or court orders. Moreover, plaintiff again did not respond to the second motion to dismiss, pay the ordered sanctions, or appear at the dismissal hearing. Thus, plaintiff demonstrated a history of noncompliance with past discovery requests.

Third, defendants were prejudiced by plaintiff's noncompliance because plaintiff's delay in complying with the discovery requests left defendants with less time to adequately mount a defense, conduct any follow-up discovery, and prepare for the impending case evaluation. Fourth, plaintiff failed to comply with the majority of the trial court's orders, because he did not produce the requested documents or authorizations. Also, while plaintiff did respond to interrogatories, the defense alleged deficiencies and plaintiff's counsel appeared to acknowledge as much by stating that if the case were allowed to proceed, "I certainly will get those supplemented . . . ." Fifth, plaintiff failed to cure defects even though he made representations to the court that he would and had ample opportunity to do so.

Plaintiff argues that the noncompliance was the fault of his counsel and, as such, the trial court should have directed the sanctions accordingly, instead of dismissing plaintiff's claims. Essentially, plaintiff argues that dismissal was too extreme because the failures were his counsel's fault and not his own. However, plaintiff cites no case law to support the contention that dismissal is not warranted where noncompliance with court orders is the fault of counsel rather than the plaintiff. Moreover, during the course of the proceedings, the trial court implemented lesser measures, putting plaintiff on notice of his counsel's repeated failures. The trial court entered orders mandating discovery, dismissed plaintiff's claim once before reinstating it, and also ordered plaintiff's attorney to pay sanctions and a reinstatement fee. Thus, while initial noncompliance might have been the fault of plaintiff's attorney, plaintiff became implicated in the repeated failures to comply with the court orders when he did not insist on compliance or retain alternate counsel.

Given plaintiff's demonstrated failure to produce the required discovery, the trial court did not err when it dismissed plaintiff's claim. See *Bass*, 238 Mich App at 35, *Mink v Masters*, 204 Mich App 242, 244-245; 514 NW2d 235 (1994), and *Welch*, 187 Mich App at 54.

Affirmed.

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien