*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

TIMOTHY HOGUE,

      Plaintiff-Appellant,

UNPUBLISHED
June 4, 2020

v

No. 347317
Washtenaw Circuit Court
LC No. 17-000216-NF

AUTO CLUB GROUP INSURANCE COMPANY,

      Defendant-Appellee.

Before: RONAYNE KRAUSE, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Plaintiff, Timothy Hogue, appeals as of right the trial court's order granting dismissal with prejudice in favor of defendant Auto Club Group Insurance Company, based on plaintiff's failure to participate in discovery. We vacate the trial court's order and remand for further proceedings.

## I. BACKGROUND

Plaintiff was involved in an automobile accident as a pedestrian in 2016. Defendant was the automobile insurer of the vehicle that injured plaintiff. Relevant to this appeal, plaintiff filed a complaint[1] alleging that defendant failed to pay personal protection insurance benefits that arose from that automobile accident. During the course of discovery, defendant filed several motions to compel plaintiff to respond to various discovery requests. In part, plaintiff inexplicably failed to appear for a twice-noticed deposition. The trial court offered to grant defendant dismissal of the matter on the belief that plaintiff's failure to participate in discovery was a pattern.[2] However,

---

[1] Plaintiff originally commenced this action against the Michigan Automobile Insurance Placement Facility (MAIPF). After the original parties learned that defendant insured the vehicle, the trial court dismissed the MAIPF and permitted plaintiff to add defendant.

[2] The trial court had previously entered an order at defendant's request compelling plaintiff to respond to its interrogatories; before that, it had also entered an order at the MAIPF's request also compelling plaintiff to respond to the MAIPF's interrogatories and request to produce. The timing

defendant declined at that time, so the trial court entered an order compelling defendant to attend. Defendant did thereafter attend his deposition.

Directly leading to the instant appeal, defendant notified plaintiff that he was to appear for two orthopedic independent medical examinations (IMEs). Plaintiff appeared for neither IME, again apparently without explanation. Defendant then filed a motion seeking to dismiss the case due to plaintiff's failures to attend the IMEs and general lack of cooperation with discovery. Defendant alternatively requested an order compelling plaintiff to attend the IME, as well as an award of attorney fees and the costs of the doctor's no-show fees.

We note that the record of the notices is somewhat concerning. The lower court record contains an IME notice filed on June 26, 2018 (dated June 21), "for an orthopedic independent medical examination with Doctor, Time, Date, and Place to be determined." Defendant attached a notice to its motion, also dated June 21, 2018, that specified an IME to be held on July 13, 2018; but that copy lacks a date-stamp or signed proof of service. Nevertheless, plaintiff tacitly admits that he received timely notice of the IME scheduled for July 13, 2018. The record shows that the second IME notice, which defendant also attached to its motion, was filed on August 23, 2018 (dated August 19), scheduling the IME for the next day, August 24, 2018.

The trial court indicated that it did not care about the extremely short notice for the second IME due to plaintiff's failure to attend the first IME. The trial court also observed that it was unimpressed by plaintiff's failure to show for a settlement conference. Plaintiff urged the trial court to enter an order compelling plaintiff to attend the IME rather than dismissing the case. The trial court instead stated that "this is not how we practice law" and "is unacceptable behavior." It offered defendant a choice of either dismissing the matter with prejudice but without costs, or dismissing the matter without prejudice subject to plaintiff paying costs before refiling. Defendant apparently chose the former, and the trial court dismissed plaintiff's case with prejudice. Plaintiff now appeals.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's dismissal of an action. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). An abuse of discretion occurs when the decision is outside the range of principled outcomes. *Id*. A trial court's failure to evaluate its reasons for dismissal on the record constitutes an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995).

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado*, 476 Mich at 388. Additionally, the Michigan Court Rules confer on the trial court the authority to dismiss a case. A trial court may dismiss an action for a party's failure to comply with a trial court order compelling discovery. See MCR

---

of plaintiff's eventual responses is somewhat unclear, but insofar as we can determine, it appears that in both instances he did eventually provide the requested discovery.

2.313(B)(2)(c).  A trial court may also dismiss a case if a party fails to comply with the Michigan Court Rules or a trial court order.  See MCR 2.504(B)(1).

## III.  PRINCIPLES OF LAW

Under the no-fault insurance act, an insurer may request that a person seeking personal protection insurance benefits submit to a mental or physical examination by a physician when the mental or physical condition of that person is material to his or her claim.  MCL 500.3151(1).  A trial court may make an order or impose sanctions for a person's failure to comply with an insurer's request for the person seeking personal protection insurance benefits to submit to an IME.  MCL 500.3153 provides, in relevant part:

> A court may make such orders in regard to the refusal to comply with sections 3151 and 3152 as are just, except that an order shall not be entered directing the arrest of a person for disobeying an order to submit to a physical or mental examination.  The orders that may be made in regard to such a refusal include, but are not limited to:
>
> * * *
>
> (c) An order rendering judgment by default against the disobedient person as to his entire claim or a designated part of it.

A trial court has authority under MCL 500.3153, in addition to MCR 2.313(B)(2)(c) and MCR 2.504(B)(1), to dismiss a case for a plaintiff's failure to submit to an IME or to comply with a trial court's orders.

Nevertheless, even when a trial court has discretion to dismiss a case, "[o]ur legal system favors disposition of litigation on the merits."  *Vicencio*, 211 Mich App at 507.  "Dismissal is a drastic step that should be taken cautiously."  *Id*. at 506.  "[T]he trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper" before dismissing a case.  *Id*.  In evaluating the available options and determining whether dismissal is just and proper, the trial court should consider the following factors, keeping in mind that this is not an exhaustive list:

> (1) whether the violation was wilful [sic] or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice.  [*Id*. at 507.]

" 'The record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it.' "  *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000) (citation omitted).

## IV. ANALYSIS

Plaintiff argues that the trial court abused its discretion by dismissing the case without conducting the requisite legal analysis or evaluating alternative sanctions on the record. We agree.

The record amply supports the trial court's conclusion that plaintiff did, in fact, have a pattern of failing to comply with discovery requests until directly ordered to respond. The court rules governing discovery unambiguously provide for unprivileged materials to be freely discoverable upon a party's request—in other words, for the most part without needing to involve the trial court. See *Davis v O'Brien*, 152 Mich App 495, 504; 393 NW2d 914 (1986). For example, leave of the court is only required to take a deposition if the other party has not had a reasonable time to obtain an attorney. MCR 2.306(A)(1). The rules are intended to create an open, far reaching, and liberal discovery process that promotes efficiency and simplification. See *Domako v Rowe*, 438 Mich 347, 359-361; 475 NW2d 30 (1991). Consequently, the discovery rules are clearly intended to avoid the need for trial courts to "babysit" the entire process, and to avoid the need for motion practice and entry of orders to compel compliance with each and every discovery request.

In other words, the trial court usually should not *have* to enter an order every time a party makes a discovery request. Plaintiff was required to submit to the adequately-noticed IME under MCL 500.3151. After plaintiff made it necessary to enter so many orders compelling him to comply with discovery in which he was already obligated to participate, it was not impermissible for the trial court to dismiss the matter. However, as noted, the extreme sanction of dismissal should not be undertaken without careful consideration of the alternatives on the record. The trial court had a wide variety of options, including:

> (a) An order that the mental or physical condition of the disobedient person shall be taken to be established for the purposes of the claim in accordance with the contention of the party obtaining the order.

> (b) An order refusing to allow the disobedient person to support or oppose designated claims or defenses, or prohibiting him from introducing evidence of mental or physical condition.

> * * *

> (d) An order requiring the disobedient person to reimburse the insurer for reasonable attorneys' fees and expenses incurred in defense against the claim.

> (e) An order requiring delivery of a report, in conformity with section 3152, on such terms as are just, and if a physician fails or refuses to make the report a court may exclude his testimony if offered at trial. [MCL 500.3153; see also MCR 2.313(B)(2).]

However, the trial court did not evaluate any of those possibilities on the record beyond bare mention of alternatively dismissing without prejudice but with costs.

Furthermore, the trial court seemingly concluded that plaintiff's failure to attend the IME was willful. Such a conclusion is not implausible, given his pattern of discovery violations and apparent knowledge of the various discovery notices. See *Welch v J Walter Thompson USA, Inc*, 187 Mich App 49, 52; 466 NW2d 319 (1991) (a discovery violation "need not be accompanied by wrongful intent" to be willful, so long as "it is conscious or intentional, not accidental"). However, again, no such analysis was made on the record. For example, no inquiry was conducted into whether, perhaps, plaintiff was suffering from some kind of physical or mental impediment to his ability to participate in discovery. The trial court necessarily abused its discretion by failing to place its reasoning and consideration of alternative sanctions on the record. See *Vicencio*, 211 Mich App at 506-507. Dismissal may ultimately prove to be appropriate, but we cannot affirm a dismissal made in such a summary and unexamined manner.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Deborah A. Servitto
/s/ James Robert Redford