*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMEL M. WHITE,

      Plaintiff/Counterdefendant-Appellant,

v

MARK B. DAVIS,

      Defendant-Appellee,

and

ZELMANSKI, DANNER & FIORITTO, PLLC,

      Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
March 18, 2021

No. 349964
Wayne Circuit Court
LC No. 17-017070-NM

Before: FORT HOOD, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting a default judgment to defendant, Zelmanski, Danner & Fioritto (Zelmanski), regarding its counterclaim. Plaintiff also challenges the trial court's previous orders dismissing plaintiff's complaint and ordering him to comply with discovery. We affirm.

## I. FACTS

This case arises from plaintiff's claim for legal malpractice against defendants. On December 1, 2017, plaintiff filed a complaint in the Wayne Circuit Court, alleging that he had hired defendants to represent him in a case pending in that court involving a dispute with a condominium association. Plaintiff alleged in his complaint that defendants had, in that dispute and in other matters, "failed to file required pleadings on Plaintiff's behalf, negligently permitted several of Plaintiffs' claims to be dismissed, negligently failed to pursue claims on behalf of Plaintiffs, and neglected to adequately protect Plaintiffs' legal interest in their claims." Plaintiff's complaint did not support these allegations with substantive facts. The trial court denied defendants' motion for a more definite statement, ordering that "Defendant[s] may demand further clarity [from plaintiff] through discovery."

-1-

Defendant Zelmanski filed a counterclaim on March 28, 2018, seeking $3,558.24 for legal services that Zelmanski alleged it had rendered to plaintiff, and for which plaintiff had failed to pay. When plaintiff failed to respond to the counterclaim, Zelmanski sought entry of plaintiff's default[1] on May 9, 2018, and the trial court entered plaintiff's default on May 22, 2018.

Defendants thereafter served interrogatories on plaintiff regarding the allegations of plaintiff's complaint, as well as a notice scheduling plaintiff's deposition for September 5, 2018. After plaintiff failed to respond to the interrogatories and failed to appear for his deposition, defendants moved to dismiss plaintiff's complaint. Plaintiff contended that he had not been served with notice of the deposition. The trial court denied defendants' motion to dismiss, but ordered plaintiff to respond to the interrogatories within 14 days and to appear for his deposition within 21 days.

Defendants re-noticed plaintiff's deposition for November 12, 2018, and plaintiff again failed to appear. The trial court thereafter granted defendants' motion to compel, ordering plaintiff to appear in Detroit for his deposition "within 10 days or face dismissal." Defendants re-noticed plaintiff's deposition for December 18, 2018, and again plaintiff failed to appear. Defendants then filed a second motion to dismiss based upon plaintiff's failure to appear for his scheduled depositions after being ordered to do so. The trial court denied defendants' second motion to dismiss by order dated January 17, 2019, but ordered plaintiff to "appear for deposition within 10 days from the date of this order without conditions."

On January 18, 2019, defendants served plaintiff with notice that his deposition was scheduled for January 24, 2019. Plaintiff again failed to appear for his deposition, and instead moved to disqualify the trial judge, arguing that the trial judge had demonstrated bias and partiality by ordering that he appear for his deposition in Michigan. The trial judge recused himself, and the case was assigned to a different trial judge.

Defendants thereafter filed their third motion to dismiss under MCR 2.313(B)(2), citing plaintiff's four failures to appear for his scheduled deposition, three of which were in violation of court order. Plaintiff did not appear at the hearing on the motion. At the conclusion of the hearing, the trial court granted defendants' motion to dismiss. The trial court also granted Zelmanski's motion for default judgment, and entered a default judgment against plaintiff in the amount of $6,162,67, including prejudgment interest and attorney fees. The trial court thereafter denied plaintiff's motion for reconsideration of the orders dismissing the complaint and entering the default judgment. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court abused its discretion by (1) dismissing his complaint for failure to comply with the trial court's discovery orders, (2) ordering that he be deposed in Michigan, and by (3) failing to accommodate plaintiff's request for a telephonic hearing. Plaintiff

---

[1] When Zelmanski sought entry of plaintiff's default, plaintiff moved to dismiss the counterclaim, contending that he had not been served with the counterclaim. Zelmanski thereafter demonstrated that plaintiff had been served.

further contends that the trial court clearly erred when it granted Zelmanski's motion for default judgment. We disagree.

## A. DISMISSAL AS A SANCTION

We review a trial court's decision to impose discovery sanctions for an abuse of the trial court's discretion. *Elahham v Al-Jabban*, 319 Mich App 112, 135; 899 NW2d 768 (2017). The trial court abuses its discretion when its decision is outside the range of principled outcomes. *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016). We review de novo a trial court's interpretation and application of court rules. *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 504; 844 NW2d 470 (2014).

Trial courts possess inherent authority to sanction litigants and their attorneys; this power to sanction includes the power to dismiss an action. *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). MCR 2.313(B)(2)(c) authorizes the trial court to impose sanctions, including the sanction of dismissal, when a party fails to obey the court's order to provide or permit discovery. MCR 2.313(B)(2) provides, in relevant part:

(B) **Failure to Comply With Order**

* * *

(2) *Sanctions by Court in Which Action is Pending*. If a party or an officer, director, or managing agent of a party, or a person designated under MCR 2.306(B)(5) or 2.307(A)(1) to testify on behalf of a party, fails to obey an order to provide or permit discovery, including an order entered under subrule (A) of this rule or under MCR 2.311, the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:

* * *

(c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party[.]

Plaintiff correctly observes that dismissal is an extreme sanction. The severe sanction of dismissal generally is appropriate only when there has been "a flagrant and wanton refusal to facilitate discovery and not when failure to comply with a discovery request is accidental or involuntary." *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998). Although the trial court is in the best position to judge the severity of discovery abuses and to determine the appropriate sanction for improper conduct, *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 88; 618 NW2d 66 (2000), the trial court is authorized to impose the severe sanction of dismissal only when a party intentionally refuses to comply with discovery. *Hardick v Auto Club Ins Ass'n*, 294 Mich App 651, 661; 819 NW2d 28 (2011). However, failure to comply with discovery justifies dismissal if the failure to comply is willful; the failure to comply need not be done with wrongful intent to be willful, but is willful if it is conscious or intentional, and not accidental. *Welch v J Walter Thompson USA, Inc*, 187 Mich App 49, 52; 466 NW2d 319 (1991).

Any discovery sanction imposed by the trial court must be "proportionate and just." *Hardick*, 294 Mich App at 662, quoting *Kalamazoo Oil Co*, 242 Mich App at 87. Before imposing the sanction of dismissal, the trial court should consider relevant factors, such as:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995).]

In this case, plaintiff argues that the trial court failed to consider these factors. We disagree. At the hearing on the motion, the trial court considered the history of the parties' litigation, plaintiff's history of refusing to comply with the trial court's orders and "blatant disregard for the Court Rules," and whether an appropriate lesser sanction was available. Ultimately, the trial court determined that dismissal with prejudice was the appropriate remedy.

Review of the record supports the trial court's imposition of dismissal as a sanction. Plaintiff's refusal to attend his deposition denied defendants the ability to discover the factual basis for his complaint, thereby prejudicing defendants in their ability to defend the action. Plaintiff repeatedly refused to comply with the trial court's orders requiring him to comply with discovery, even when cautioned by the trial court that he would face dismissal if he failed to comply. Plaintiff admits he knew about the trial court's orders, but simply disagreed that the trial court could dictate the terms of discovery, such as ordering him to appear in Michigan for his deposition. The record also indicates that a lesser sanction would not better serve the interests of justice; plaintiff was given several opportunities to comply with the trial court's discovery orders, but refused to do so even when advised that failure to do so would result in dismissal. There is no indication that plaintiff would have been persuaded to comply with the trial court's orders by the imposition of lesser sanctions.

Plaintiff argues, however, that the trial court abused its discretion by ordering him to appear in Michigan for his deposition. Plaintiff argues that it was not convenient for him to travel to Michigan to attend his deposition because he lives in Ohio, is disabled from driving long distances, and has child care responsibilities. In support of his argument, plaintiff relies on former court rule MCR 2.305(C)(2), which was in effect at the time the trial court ruled on defendants' motions. Under that rule:

> In an action pending in Michigan, the court may order a nonresident plaintiff or an officer or managing agent of the plaintiff to appear for a deposition at a designated place in Michigan or elsewhere on terms and conditions that are just, including payment by the defendant of the reasonable expenses of travel, meals, and lodging incurred by the deponent in attending. [MCR 2.305(C)(2).]

Plaintiff has not provided any additional legal authority to support his assertion that the trial court abused its discretion when it ordered his deposition to occur in Michigan.

We observe that former MCR 2.305(C)(2) does not support plaintiff's contention that the trial court could not order him to appear for his deposition in Michigan. While former MCR 2.305(C)(2) permits the trial court to enter an order requiring a nonresident plaintiff to be deposed "elsewhere on terms and conditions that are just," nothing in the court rule mandates that the trial court do so. The trial court gave plaintiff multiple opportunities to make accommodations with defendants to arrange a deposition in Michigan with appropriate time to ensure plaintiff was not unduly burdened. We therefore conclude that the trial court did not abuse its discretion by dismissing plaintiff's complaint as a sanction for plaintiff's repeated refusals to comply with the trial court's discovery orders. See *Elahham*, 319 Mich App at 135.

Plaintiff also argues, in conclusory fashion, that the trial court's decision to order his deposition in Michigan violated the Americans with Disabilities Act ("ADA"), 42 USC 12101 *et seq*. Plaintiff points to nothing in the record that would support his contention that he is disabled within the meaning of the ADA, nor does plaintiff offer legal authority for his assertions. Because a party may not simply announce a position and leave it to this Court to discover and rationalize the basis for the claim, we consider this issue abandoned on appeal. *Hooker v Moore*, 326 Mich App 552, 557 n 2; 928 NW2d 287 (2018).

We also reject plaintiff's contention that the trial court clearly erred when it conducted the hearing on defendants' motion to dismiss without affording plaintiff the accommodation of a telephonic hearing. Plaintiff failed to demonstrate a factual basis for his demand for such an accommodation, nor does plaintiff provide citation to any legal authority to support his argument on appeal, thereby abandoning the argument. See *id*.

## B. DEFAULT JUDGMENT

Plaintiff also contends that the trial court clearly erred when it entered a default judgment against him on Zelmanski's counterclaim. We disagree.

A trial court's authority to enter a default or a default judgment is conferred under the court rules. *Henry v Prusak*, 229 Mich App 162, 168; 582 NW2d 193 (1998). MCR 2.108(A)(4) provides that "[a] party served with a pleading stating a cross-claim or counterclaim against that party must serve and file an answer or take other action permitted by law or these rules within 21 days after service." MCR 2.603(A)(1) requires the trial court clerk to enter a default "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . ." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 381; 808 NW2d 511 (2011). "After the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court . . . ." MCR 2.603(A)(3). We review the trial court's decision to enter a default judgment for an abuse of discretion, and will not set aside a default that has been properly entered. *Village of Edmore v Crystal Automation Sys, Inc*, 322 Mich App 244, 255; 911 NW2d 241 (2017).

Zelmanski filed its counterclaim on March 28, 2018. Plaintiff did not answer the counterclaim or otherwise respond within 21 days, as required under MCR 2.108(A)(4). Thus, defendants appropriately sought default on their counterclaim on May 9, 2018, and default was entered by the trial court on May 22, 2018. Although plaintiff moved to dismiss the counterclaim,

plaintiff never moved to set aside the default. See MCR 2.603(A)(3). The trial court therefore did not clearly err by entering a default judgment against plaintiff on Zelmanski's counterclaim.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Michael F. Gadola
/s/ Anica Letica