*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINA RINGO,

      Plaintiff-Appellant,

v

JRW SERVICES, INC., doing business as RIGHT AT HOME TRI COUNTY METRO,

      Defendant-Appellee,

and

NICOLE WHITE,

      Defendant.

UNPUBLISHED
August 10, 2023

No. 362342
Oakland Circuit Court
LC No. 2021-187990-CD

Before: BOONSTRA, PJ., and LETICA and FEENEY, JJ.

PER CURIAM.

In this action alleging employment discrimination in violation of the Michigan Civil Rights Act, ("MCRA"), MCL 37.2101 *et seq*., plaintiff appeals as of right the order granting defendant[1] JRW Services, Inc.'s ("JRW"), motion for discovery sanctions and dismissing the case. On appeal, plaintiff argues the trial court abused its discretion in dismissing plaintiff's claims because the dismissal was unwarranted under a proper analysis of the factors regarding severe discovery sanctions. Plaintiff also argues the trial court abused its discretion in denying plaintiff's motion of reconsideration. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

---

[1] Defendant Nicole White was not properly served with process, and upon the expiration of the summons, the complaint against her was effectively dismissed without prejudice. MCR 2.102(E).

Plaintiff filed a complaint against defendants, her former employer and supervisor, after they terminated plaintiff's employment. Plaintiff alleged defendants violated the MCRA and Title VII of the United States Civil Rights Act of 1964, 42 USC 2000e *et seq*., involving racial discrimination. Plaintiff also alleged defendants violated the Bullard-Plawecki Right-To-Know Act, MCL 423.501 *et seq*.

On October 22, 2021, JRW served its first set of interrogatories and requests for production of documents to plaintiff. After plaintiff failed to respond, the trial court entered a stipulated order on December 8, 2021 requiring:

> Plaintiff shall serve: (1) complete and substantive answers in response to Defendant's First Set of Interrogatories, along with some documents responsive to Defendant's First Request for Production of Documents, via email to counsel for Defendant, by December 11, 2021; and (2) the remaining documents responsive to Defendant's First Request for Production of Documents, via email to counsel for Defendant, on or before December 15, 2021.

Plaintiff submitted responses to interrogatories and requests for production in the subsequent weeks. On December 21, 2021, JRW sent plaintiff a letter stating:

> After reviewing Plaintiff's responses to Defendant's First Set of Interrogatories and First Requests for Production of Documents, we have identified several deficiencies. Accordingly, we request that you promptly supplement—no later than December 28, 2021—Plaintiff's responses to address the following:

Defendant went on to list deficiencies with 11 interrogatory answers and 25 requests for documents.

On December 29, 2021, JRW moved to compel plaintiff to address the deficiencies outlined in JRW's December 21, 2021 letter. Plaintiff responded, stated her discovery responses were delayed by a residential move, which required her to pack her possessions, and multiple conflicting deadlines that all required her counsel's attention.

Plaintiff and JRW met with a discovery mediator to resolve JRW's motion to compel. As a result of the mediation, the trial court entered a discovery order stating:

> Plaintiff shall supplement/produce the requested information/documentation via email as follows:
>
> 1. By 1/19/22-(i) Signed Tax Authorization; (ii) Signed 3rd Party Records vendor(s) Authorization(s); and (iii) Exhibit 29 (emails);
>
> 2. By 1/28/22-all documents/information/supplemental responses as detailed in Defense counsel's letter dated 12.21.21; and
>
> 3. By 2/2/22-all SSD/SSI information requested.

Plaintiff further supplemented her interrogatory answers, but JRW alleged continued deficiencies and moved for sanctions and to compel plaintiff's responses to its first set of discovery requests. Without relief, JRW argued it would suffer significant prejudice because plaintiff's failure to produce documents supporting her allegations and her claimed damages would prevent JRW from adequately preparing for plaintiff's deposition and defending its witnesses' depositions.

Plaintiff responded, arguing she substantially complied with the most recent order of discovery and continued supplementation of her original responses; she also stated she had not withheld any documents or information in her possession. Plaintiff stated any delay was because of her residential move and her problems with obtaining a password for a federal government website to procure her Social Security Disability ("SSD") information. Plaintiff argued that an analysis of the relevant caselaw factors demonstrated severe sanctions were not warranted.

The trial court held a hearing where plaintiff testified she lacked access to her SSD information because of the password problem. The trial court briefly considered an option for dealing with continued discovery violations, saying: "Well . . . you know, I guess the remedy . . . ultimately is not allow these to be produced or somebody to testify them, you know, at the end of the road. . . . So if, if they're not produced and you guys are a week from trial, then I'm not letting either side use them or admit them or testify to them."

The trial court's assessment of potentially appropriate sanctions broadened after the following exchange occurred:

> *The Court*: How long . . . ago did she request this stuff, though? You filed the lawsuit. Right? And how long ago were tax returns and [Social Security Disability] S-S-D documents requested?
>
> * * *
>
> [*JRW's Counsel*]: Your Honor, may I, uh, in response to the document requests for the social security, uh, documents, an exhibit was attached. It was an October 20th, uh, letter from the Social Security Administration saying that, uh, plaintiff will receive a letter containing a temporary password in five to ten business days. And this was quoted in my December 21st letter and I, I think you said it, she was packing up, but it's been almost two months since—
>
> *The Court*: Call . . . every hour. Call every hour. I, you, know, 'cause eventually, you know, it's going to be a discovery violation that could end up in a dismissal. Come on.
>
> It, call regularly. If you, if she stalks them—yeah, I don't believe from November until March 2nd that she wasn't able to get any of that stuff. I don't believe that.

During the hearing, JRW also listed six interrogatories, and six requests for production of documents that plaintiff still had not sufficiently responded to. When the trial court stated it would issue an order to compel discovery, JRW requested the order include the sanction of dismissal if plaintiff did not comply. The trial court stated: "I'm not there yet and, uh, there's a number of

factors I, I have to consider. . . . But I will, . . . there's lesser, uh, sanctions. For example, I wouldn't let her present evidence on, on a certain issue." The trial court also indicated a sanction of costs for attorney fees associated with the motions was "on the radar." The trial court repeatedly reminded plaintiff's counsel that a failure to provide the discovery as ordered could result in the dismissal of the lawsuit, stating: "[I]f she doesn't provide discovery . . . eventually . . . if there's enough discovery violations I'll dismiss her case."

On March 28, 2022, the trial court entered an order denying JRW's motion for sanctions but granting its motion to compel discovery regarding outstanding interrogatories and requests for production of documents by April 13, 2022. This order stated: "Discovery violations, including the failure to comply with this Order, may constitute a sufficient basis for the Court's dismissal of this action. However, the Court will first consider whether a lesser sanction would be appropriate."

Though plaintiff submitted further supplemental discovery responses after the hearing, the trial court entered a stipulated order on April 14, 2022, compelling plaintiff and JRW to supplement their discovery responses. This order required JRW to "organiz[e] and key[] the responsive documents," and update its answers to some interrogatories. The order compelled plaintiff to supplement five interrogatories and six document requests. All responses were required by April 20, 2022.

Plaintiff submitted another set of supplemental discovery responses by the deadline, but a week later, JRW communicated to plaintiff there were still issues regarding two interrogatories, and four document requests. Five days later, plaintiff's counsel informed JRW:

> About two weeks ago, I had a computer attack and break-in. So, I have had to devote a lot of time and effort to addressing that. This AM, I contacted my client. We have set a meeting for this Friday AM to review your email. If you can be available by phone then, we can review any questions with you.

JRW filed a second motion for sanctions on May 4, 2022. Plaintiff responded, arguing the trial court should deny the motion because the "cyberattack" hindered her ability to respond to JRW's most recent list of deficiencies.

In its order granting the motion for sanctions, the trial court explained its reasoning for imposing a sanction of dismissal:

> The Defendant thoroughly itemized the Plaintiff's repeated discovery violations and the Defendant's recitation of the procedural history regarding discovery violations in this matter is correct. After careful consideration, the Court finds that all of the *Wood*[*s v SLB Property Mgmt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008)] factors weigh heavily in favor of dismissing this action. The Plaintiff's violations are wilful, she has a history of refusing to comply and has caused deliberate delay. The Defendant has been unduly prejudiced and Plaintiff's attempt to cure the defect is still insufficient and untimely. No lesser sanction would better serve the interests of justice.

Plaintiff moved for reconsideration, arguing again the factors provided by caselaw did not favor the drastic sanction of dismissal. The trial court denied reconsideration in an order stating plaintiff

failed to meet her burden under MCR 2.119(F)(3) by merely raising the same issues already addressed and lacking the demonstration of "palpable error." This appeal followed.

## II. STANDARD OF REVIEW

We review the imposition of discovery sanctions for an abuse of discretion. See *Duray Dev, LLC v Perrin*, 288 Mich App 143, 162; 792 NW2d 749 (2010). This Court also reviews a ruling on a motion for reconsideration for an abuse discretion. *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006); *Augustine v Allstate Ins Co*, 292 Mich App 408, 419; 807 NW2d 77 (2011).

## III. ANALYSIS

The trial court properly considered the relevant factors in deciding to impose the drastic discovery sanction of dismissal, finding plaintiff had an extended history of willful discovery violations. The trial court did not abuse its discretion by dismissing plaintiff's claims, or by denying plaintiff's motion for reconsideration.

MCR 2.313(B)(2) states, in relevant part:

If a party . . . fails to obey an order to provide or permit discovery, including an order entered [in response to a motion for an order compelling disclosure or discovery] . . ., the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:

\* \* \*

(c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party . . . . [MCR 2.313(B)(2)(c).]

Additionally, our Supreme Court has clarified:

[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action. This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. [*Maldonado v Ford Motor Co*, 476 Mich 372, 375; 719 NW2d 809 (2006).]

"The trend of our jurisprudence is toward meritorious determination of issues," *Shawl v Spence Brothers, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008), and "our legal system favors disposition of litigation on the merits," *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995).

Before determining a drastic sanction, such as dismissal of a claim is appropriate, the trial court must carefully consider the circumstances of the case. *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 451; 540 NW2d 696 (1995). A discovery sanction must be "proportionate and just." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 87; 618 NW2d 66 (2000). Where a party's conduct has shown "disdain for the [court's] authority" and "expressed unwillingness to cooperate or participate with the trial court and the opposing party to prepare the case for resolution," the trial court has discretion to sanction a party severely. *Id*. at 88-89. But, severe sanctions are generally appropriate only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary. *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998). In this analysis, willfulness does not necessarily require a wrongful intent, but it must be conscious or intentional. *Welch v J Walter Thompson USA, Inc*, 187 Mich App 49, 52; 466 NW2d 319 (1991).

In contemplating severe sanctions for failure to comply with discovery orders, a trial court must consider the following unexhaustive list of factors:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio* 211 Mich App at 507; see also *Woods*, 277 Mich App at 631.]

Additionally, when imposing a severe sanction, "it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Kalamazoo Oil Co*, 242 Mich App at 88.

This Court has stated a trial court's failure to state findings regarding the applicable factors or consider lesser sanctions on the record constitutes an abuse of discretion. *Vicencio*, 211 Mich App at 506-507. "The court must also evaluate on the record other available options before concluding that a drastic sanction is warranted." *Frankenmuth Mutual Ins Co v ACO, Inc*, 193 Mich App 389, 397; 484 NW2d 718 (1992); see also *Thorne v Bell*, 206 Mich App 625, 632-633; 522 NW2d 711 (1994); *Vicencio*, 211 Mich App at 506-507.

Of the seven factors laid out by caselaw, the trial court's explanation of its reasoning in support of dismissal makes explicit conclusions regarding six of them. The trial court found the factors regarding willfulness (*Woods* factor 1), refusal to comply (*Woods* factor 2), and deliberate delay (*Woods* factor 4), weighed in JRW's favor, referring to JRW's accounting of the discovery violations and finding it to be accurate. The trial court also assessed plaintiff's willfulness during the hearing on the first motion for sanctions, stating "there's no way she can't get her Social Security Administration documents since October. I don't believe that for a second."

The trial court acknowledged plaintiff's attempt to cure (*Woods* factor 6), but found it did not aid plaintiff in the analysis because it was insufficient and untimely. The trial court also

explicitly stated JRW was prejudiced (*Woods* factor 3).[2] Regarding lesser sanctions (*Woods* factor 7) the trial indicated none would better serve the interests of justice, and indicated its review of plaintiff's untimely response to the second motion for sanctions was done in consideration of lesser sanctions. Further, during the hearing on the first motion for sanctions, when JRW mentioned the potential sanction of dismissal for noncompliance, the trial court stated: "I'm not there yet and, uh, there's a number of factors I, I have to consider. . . . But I will, . . . there's lesser, uh, sanctions. For example, I wouldn't let her present evidence on, on a certain issue." The trial court also indicated a sanction of costs for attorney fees was "on the radar." The order dismissing the case came after a number of warnings from the trial court indicating although it was considering lesser sanctions and denying the sanction of dismissal at that time, it would dismiss the case if plaintiff's noncompliance continued. After these warnings, plaintiff failed to comply with not only the March 28, 2022 order, but also the April 14, 2022 order.

Though the trial court did not make any statements of its reasoning regarding the degree of compliance with other parts of the court's orders (*Woods* factor 5), no caselaw presented by plaintiff requires a distinct assessment of each of the factors in all cases. Rather, what the caselaw requires is "that the trial court balance the factors and explain its reasons . . . in order to allow for meaningful appellate review." *Kalamazoo Oil Co*, 242 Mich App at 88. Between the trial court's statements during the motion hearing, and the order dismissing the case, the trial court explained its reasoning. Despite any argument from plaintiff regarding the external reasons for delay, the trial court found the history and span of plaintiff's violations constituted flagrant and wanton refusal to facilitate discovery, meeting the standard for imposing a drastic sanction. *Traxler v Ford Motor Co*, 227 Mich App at 286.

On appeal plaintiff makes no independent argument regarding her assertion that the trial court's denial of reconsideration was an abuse of discretion. In fact, in her motion for reconsideration, plaintiff presented the same issues and arguments presented in response to JRW's motions for sanctions, and the trial court found a failure to demonstrate palpable error, under MCR 2.119(F)(3).[3]

This Court has stated a party "may not merely announce his position and leave it to this court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Peterson Novelties, Inc v City of Berkley*, 259

---

[2] The court acknowledged that the parties could not conduct depositions if the discovery was incomplete, and "I don't know if you want to go to mediation without discovery, without having deposed anybody."

[3] MCR 2.119(F)(3) states:

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Mich App 1, 14; 672 NW2d 351 (2003) (citations omitted).  Because "[w]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned," *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999), plaintiff has abandoned the issue of whether the denial of her motion for reconsideration was an independent abuse of the trial court's discretion.

## IV.  CONCLUSION

The trial court properly considered the relevant factors pertaining to dismissal of the action as a drastic discovery sanction, finding plaintiff had an extended history of willful discovery violations.  The trial court did not abuse its discretion by dismissing plaintiff's claims or by denying plaintiff reconsideration.

Affirmed. Defendant may tax costs.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Kathleen A. Feeney